Mr. John Clapper, III Collier County School Board Attorney 850 Park Shore Drive Trianon Center-Third Floor Naples, Florida 34103
Dear Mr. Clapper:
On behalf of the Collier County School Board, you ask substantially the following question:
Are members of school advisory councils, which are created pursuant to section 229.58, Florida Statutes, subject to the criminal penalties imposed for violations of the Government in the Sunshine Law?
In sum:
Members of school advisory councils, which are created pursuant to section 229.58, Florida Statutes, are subject to the criminal penalties imposed for knowingly violating the Government in the Sunshine Law.
Section 229.58(1)(a), Florida Statutes, provides that a district school board "shall establish an advisory council for each school in the district, and shall develop procedures for the election and appointment of advisory council members." The statute further states that the school advisory council "shall be the sole body responsible for final decisionmaking at the school relating to implementation of the provisions of ss. 229.591, 229.592, and 230.23(16)."[1] Subsection (2) of section 229.58 provides:
"Duties.--Each advisory council shall perform such functions as are prescribed by regulations of the school board; however, no advisory council shall have any of the powers and duties now reserved by law to the school board. Each school advisory council shall assist in the preparation and evaluation of the school improvement plan required pursuant to s. 230.23(16). By the 1999-2000 academic year, with technical assistance from the Department of Education, each school advisory council shall assist in the preparation of the school's annual budget and plan as required by s. 229.555(1). A portion of funds provided in the annual General Appropriations Act for use by school advisory councils must be used for implementing the school improvement plan."
Pursuant to section 286.011(1), Florida Statutes, "[a]ll meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting."
In determining the applicability of the Government in the Sunshine Law, the courts have stated that it was the intent of the Legislature to extend application of the law so as to bind "every `board or commission' of the state or of any county or political subdivision over which it has dominion or control."[2] Advisory boards whose powers are limited only to making recommendations to a public agency and which possess no authority to bind that agency in any way are subject to the Sunshine Law.[3]
Section 229.58, Florida Statutes, provides for the establishment of school advisory councils and prescribes, in part, their duties. In addition, the councils receive state funding. In light of the above, this office has previously stated that such a council constitutes a "board or commission" subject to the provisions of section 286.011, Florida Statutes.[4]
Section 286.011(3), Florida Statutes, prescribes certain criminal and noncriminal penalties for violations of the Sunshine Law. Subsection (3) of section 286.011 provides:
"(a) Any public officer who violates any provision of this section is guilty of a noncriminal infraction, punishable by fine not exceeding $500.[5]
(b) Any person who is a member of a board or commission or of any state agency or authority of any county, municipal corporation or political subdivision who knowingly violates the provisions of this section by attending a meeting not held in accordance with the provisions hereof is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
(c) Conduct which occurs outside the state which would constitute a knowing violation of this section is a misdemeanor of the second degree, punishable as provided in s. 775.082 or 775.083."
As discussed above, a school advisory council, created pursuant to the provisions of section 229.58, Florida Statutes, is subject to section 286.011, Florida Statutes. Since a school advisory council constitutes a "board or commission" subject to the Sunshine Law, the criminal penalties prescribed in section 286.011(3)(b) and (c) for members of a "board or commission" who knowingly attend a meeting of the council not held in accordance with section 286.011
would also be applicable to members of the school advisory councils.[6]
Accordingly, I am of the opinion that members of school advisory councils, which are created pursuant to section 229.58, Florida Statutes, are subject to the criminal penalties for knowingly violating the Government in the Sunshine Law.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tzg
[1] Sections 229.591, 229.292, and 230.23(16), Fla. Stat., relate to school improvement and education accountability.
[2] See, Times Publishing Company v. Williams, 222 So.2d 470,473 (Fla. 2d DCA 1969).
[3] See, Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974).
[4] See, Inf. Op. to the Honorable Robert W. Hughes, dated February 17, 1995, stating that school advisory committees are subject to the Sunshine Law. The Department of Education has reached a similar conclusion that these committees are subject to s. 286.011, Fla. Stat. See, Ops. Dept. Educ. Fla. 92-015 (1992) and 92-064 (1992).
[5] See, Op. Att'y Gen. Fla. 91-38 (1991) (state attorney may pursue such actions on behalf of state).
[6] And see, Op. Att'y Gen. Fla. 98-21 (1998) in which this office concluded that the directors of nonprofit corporation's board of directors acting on behalf of a hospital district constitute "public officers" as that term is used in section286.011(3)(a), Fla. Stat.